JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. SA CV 20-01033-DOC-KES                     Date:  August 7, 2020

Title: GREENKRAFT, INC. v. WALTER'S AUTO SALES & SERVICE, INC. ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis/Rolls Royce Paschal | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [37] AND DENYING AS MOOT DEFENDANTS' MOTIONS TO DISMISS [13] [14] [15] [28]**

Before the Court is Plaintiff Greenkraft, Inc.'s ("Plaintiff") Motion to Remand Case to Orange County Superior Court ("Motion") (Dkt. 37). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court GRANTS Plaintiff's Motion to Remand.

## I.    Background

### A.    Facts

Plaintiff alleges that it was defrauded by Defendants in connection with a sale of 140 vehicles, a consequence of which involved misuse of Plaintiff's trademark. *See generally* Second Amended Complaint ("SAC") (Dkt. 1-2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-01033-DOC-KES                          Date: August 7, 2020
                                                          Page 2

### B.    Procedural History

Plaintiff originally filed suit in the Superior Court of California, County of Orange; its SAC was filed on or about March 27, 2020. Dkt. 1-2. Defendants removed the case to this Court on June 8, 2020, on the basis of Plaintiff's Lanham Act claim. *See generally* Dkt. 1-1. On June 16, 2020, Plaintiff voluntarily dismissed its cause of action under the Lanham Act. Dkt. 23.

Having abandoned the only federal cause of action, Plaintiff filed the instant Motion to Remand (Dkt. 37) on July 8, 2020. On July 20, 2020, Defendants filed/joined an Opposition brief (Dkt. 43), and Plaintiff submitted its Reply (Dkt. 47) on July 27, 2020.

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted). A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a case to arise under federal law, "a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law. Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (quoting *Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 949 (9th Cir. 2004)). Additionally, when "an area of state law has been completely pre-empted" by federal law, a purported state law claim "is considered, from its inception, a federal claim, and therefore arises under federal law" within the meaning of § 1331. *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-01033-DOC-KES                                      Date: August 7, 2020
                                                                     Page 3

        If the court lacks subject matter jurisdiction, any action it takes is ultra vires and
void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better
Env't*, 523 U.S. 83, 94, 101-02 (1998). The lack of subject matter jurisdiction may be
raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject
matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or
remand pursuant to 28 U.S.C. § 1447(c).

**III.    Discussion**

        Defendants argue that this Court has federal question jurisdiction because
remaining claims depend upon the resolution of a question of federal law under the
Lanham Act. Plaintiff disagrees.

**A.  The Court Declines to Exercise Federal Question Jurisdiction**

        As Defendants observe, when this case was removed, the SAC included a federal
cause of action, and Defendants urge the Court to exercise jurisdiction as it existed at the
time of removal. Plaintiff argues that because the Lanham Act claim has now been
dismissed, the Court should find that no basis exists for federal question jurisdiction.

        28 U.S.C. § 1367 provides, in relevant part, that a district court "may decline to
exercise supplemental jurisdiction over a claim . . . if— . . . (c) the district court has
dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).
Although writing before the 1990 passage of § 1367, the Supreme Court articulated a
similar rule in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988). There, as here, the
plaintiff amended their complaint to remove their federal claims and asked that the
amended complaint be remanded. In affirming the district court's decision to remand, the
Supreme Court held that, when the basis for federal question jurisdiction has been
amended out of the complaint, retaining jurisdiction is within the district court's
discretion, taking into account "the values of economy, convenience, fairness, and
comity." *Cohill*, 484 U.S. at 351; *see also Albingia Versicherungs A.G. v. Schenker Int'l
Inc.*, 344 F.3d 931, 935, 937-38 (9th Cir. 2003) (holding that, when "the federal question
that justified removal ha[s] disappeared . . . the district court has discretion to exercise
supplemental jurisdiction over the remaining state law claims"). The Court in *Cohill* also
noted that remand is especially indicated when the federal claims have been "eliminated
at an early stage of the litigation." *Cohill*, 484 U.S. at 351.

        The Court finds, consistent with these principles, that the best course of action is
to decline to exercise supplemental jurisdiction. This case is still at an early procedural
stage, and remanding to Orange County Superior Court will harm neither the fairness nor
the convenience of the proceedings. Additionally, given the proper parallel jurisdiction of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-01033-DOC-KES                          Date: August 7, 2020
                                                          Page 4

the state courts, the limited jurisdiction of the federal courts, and the relative expertise of the two systems, the Court finds that comity and economy are best served by letting a state court decide disputes arising under state law.

Additionally, Defendant argues that Plaintiff's *state law* claims for trademark infringement, conversion, misappropriation, unfair competition, and theft necessarily depend upon the resolution of a question under the Lanham Act. *See* Opp'n at 11-12. The Court disagrees. As the Ninth Circuit has held, "the mere existence of [a] protected trade name and attendant symbol . . . does not provide a basis for federal jurisdiction." *Postal Instant Press v. Clark*, 741 F.2d 256, 257 (9th Cir. 1984). More generally, "if a single state-law based theory of relief can be offered . . . then the exercise of removal jurisdiction was improper." *Duncan v. Stuetzle*, 76 F.3d 1480, 1486 (9th Cir. 1996). Plaintiff represents that, for each of its remaining state law claims, it is *only* pursuing state law theories of liability and recovery. Defendant, on the other hand, has not met its burden to show that any of the remaining claims *necessarily* requires the determination of any question under federal law.

Therefore, the Court finds that federal question jurisdiction does not obtain, and the Court will not exercise supplemental jurisdiction over the remaining state law claims. As such, the Court has no basis for jurisdiction over this case and will therefore remand.

Although the Court grants the instant Motion, the Court strongly warns Plaintiff and Plaintiff's counsel against bringing ill-considered federal claims and dismissing them after removal.

## IV. Disposition

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Remand. Because the Court lacks jurisdiction over this matter, the Court also DENIES AS MOOT the pending Motions to Dismiss (Dkts. 13, 14, 15, 28).

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                 Initials of Deputy Clerk: rrp

CIVIL-GEN